**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4001**

───────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

OMAR TERRELL DEAS, a/k/a Terrell Omar Deas, a/k/a Ernest
Watson,

                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, Chief District
Judge.  (2:08-cr-01031-DCN-1)

───────────

Submitted:  November 9, 2010        Decided:  December 1, 2010

───────────

Before GREGORY, DUNCAN, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Mary Gordon Baker, Assistant Federal Public Defender,
Charleston, South Carolina, for Appellant.  Matthew J. Modica,
Assistant United States Attorney, Charleston, South Carolina,
for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omar Terrell Deas was convicted of possession with intent to distribute five grams or more of cocaine base, 21 U.S.C. §§ 841(a), (b)(1)(B) (2006) (Count One), possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c) (2006) (Count Two), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006) (Count Three). He was sentenced to an aggregate term of 180 months in prison. Deas now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), claiming that there was insufficient evidence to support the convictions on Counts One and Two but stating that there are no meritorious issues for appeal. Deas was advised of his right to file a pro se supplemental brief but has not filed such a brief.

When reviewing a claim of insufficient evidence, we consider whether the evidence, when viewed in the light most favorable to the Government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Cameron, 573 F.3d 179, 183 (4th Cir. 2009). We must sustain a verdict supported by substantial evidence. Glasser, 315 U.S. at 80. We do not review the credibility of witnesses, and we assume the jury resolved all

contradictions in the testimony in favor of the Government. United States v. Sun, 278 F.3d 302, 312 (4th Cir. 2002).

In order to establish a violation of § 841(a)(1), the Government must prove beyond a reasonable doubt: "(1) possession of the controlled substance; (2) knowledge of the possession; and (3) intent to distribute." United States v. Hall, 551 F.3d 257, 267 n.10 (4th Cir. 2009); see United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996) (en banc). Possession may be actual or constructive. United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). "A person may have constructive possession of contraband if he has ownership, dominion, or control over the contraband or the premises or vehicle in which the contraband was concealed." United States v. Herder, 594 F.3d 352, 358 (4th Cir.), cert. denied, 130 S. Ct. 3440 (2010). Intent to distribute may be inferred if the amount of drugs found exceeds an amount normally associated with personal consumption. United States v. Wright, 991 F.2d 1182, 1187 (4th Cir. 1993).

We hold that the evidence was sufficient to convict Deas on Count One. A deputy testified that he stopped the car Deas was driving because of a traffic violation. When the deputy asked for paperwork on the car, Deas opened the glove box but positioned his body so that the deputy could not see what was inside. This abnormal behavior alarmed the deputy, who

testified that, although most of his view was obstructed, he was able to observe a piece of a plastic bag inside the glove box.

The deputy testified that Deas appeared to be extremely nervous. For instance, his left leg was shaking badly. After ascertaining that Deas' paperwork was valid, the deputy asked Deas to walk to the rear of the car. Deas complied, but so slowly that the deputy concluded he was stalling. Deas denied having marijuana or cocaine in the car. When the deputy asked if the car contained crack cocaine, Deas did not respond. Instead, he looked down and appeared afraid. The deputy repeated the question, and Deas denied the presence of crack. The deputy then inquired whether there were guns in the vehicle. Deas began nervously slapping his hands against the trunk of the car and making rambling statements.

During a pat-down search for weapons, Deas attempted to shield his right side from the deputy. The deputy reached for Deas' right side and felt a hard object, which he assumed was a gun. Realizing that the deputy had touched the object, Deas swung his arm, striking the deputy, and fled. He was quickly apprehended, and officers found a handgun under his body. Deas then confessed that the car contained crack cocaine.

It was stipulated that the gun had traveled in interstate commerce, the crack recovered from the car weighed 13.43 grams, and Deas was a convicted felon. There was

4

testimony that possession of ten or more grams of crack suggests drug trafficking.

Based on this evidence, we hold that there was sufficient evidence to support Deas' conviction on Count One. He had dominion and control over the car, which contained crack. His knowledge of the drug's presence is established by his confession that crack was in the car's glove box. Finally, his intent to distribute may be inferred from the amount of crack discovered.

To establish a violation of 18 U.S.C. § 924(c), the Government must establish that the defendant "during and in relation to any crime of violence or drug trafficking crime . . . use[d] or carrie[d] a firearm" or possessed a firearm "in furtherance of any such crime." 18 U.S.C. § 924(c). We hold that the evidence also was sufficient to sustain Deas' conviction on Count Two. The jury could have inferred that the gun was the object that the deputy felt in Deas' pocket; further, the gun was found under his person when he was apprehended. He clearly possessed the gun.

Whether a firearm furthered, advanced, or helped forward a drug trafficking crime is a question of fact. United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). Many factors might lead a reasonable trier of fact to find a connection between a defendant's possession of a weapon and a

5

drug trafficking crime. These include: "the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." Id. (internal quotation marks omitted).

Deas, a convicted felon, illegally possessed the gun. Further, the gun was on Deas' person in close proximity to the crack in the car's glove box. These factors establish that the possession was in furtherance of the underlying drug offense.

In accordance with Anders, we have reviewed the entire record for meritorious issues and have found none. We therefore affirm. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED